(111 So. 426)

### DICKEY v. STATE. (8 Div. 514.)

(Court of Appeals of Alabama.　Feb. 1, 1927.)

1. Witnesses ⏚345(2)—Requiring witness for defendant, in liquor prosecution, to answer as to conviction for manufacturing liquor, held error.

In prosecution for violation of prohibition law, requiring defendant's witness to answer whether or not he had been convicted of manufacturing liquor constituted error.

2. Criminal law ⏚1170½(5)—Conviction not reversed for requiring defendant's witness to testify to conviction, where witness' testimony did not prove or disprove defendant's guilt (Supreme Court rule 45).

Under Supreme Court rule 45, conviction for violation of prohibition law will not be reversed for error in requiring defendant's witness to testify to conviction for manufacturing liquor, where testimony of such witness did not tend to prove or disprove defendant's innocence or guilt.

3. Criminal law ⏚655(6)—Court's statement in giving defendant's charge on circumstantial evidence that he did not think charge was good held prejudicial error.

Where court, in giving instruction for defendant in liquor prosecution relative to conviction on circumstantial evidence, said in connection therewith, within hearing of jury, that he did not think instruction was a good one, such statement rendered giving of charge valueless to defendant and constituted prejudicial error, though court explicitly charged jury not to consider remarks passing between court and counsel.

4. Criminal law ⏚721(5)—Solicitor's statement as to testimony of seeing defendant catch whisky in bottle, asking, "Who said he didn't do that?" held not error.

Remarks of solicitor, in liquor prosecution, in reference to witness' statement of seeing defendant catch whisky in bottle, and asking, "Who said he didn't do that?" after withdrawing remarks on objection, held not error, though on the borderland of propriety.

Appeal from Circuit Court, Lauderdale County; Norman Gunn, Special Judge.

Elmer Dickey was convicted of distilling prohibited liquors and possessing a still to be used for that purpose, and he appeals. Reversed and remanded.

The solicitor in argument to the jury stated that "Butler says he saw him walk to the still and catch some whisky in a bottle," and that "Butler says he saw him walking over toward the still." Defendant separately objected to these remarks and the solicitor withdrew them, and thereafter stated: "Who said he didn't do that?" (having reference to what Butler said about he saw him catching some whisky in a bottle and look at it and set the bottle back). Defendant's objection to this latter statement was overruled.

Bradshaw & Barnett, of Florence, for appellant.

A conviction for distilling does not involve moral turpitude, and it is error to permit proof of such fact to affect the credibility of a witness. Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338. It is reversible error for the solicitor to refer in argument to the defendant's failure to testify. May v. State, 209 Ala. 72, 95 So. 279; Code 1923, § 5632. It is not a violation of the law for a man to be present at a still when whisky is being made. Biddle v. State, 19 Ala. App. 563, 99 So. 59; Burnett v. State, ante, p. 274, 107 So. 321; Guin v. State, 19 Ala. App. 67, 94 So. 788; Knight v. State, 19 Ala. App. 296, 97 So. 163; Martin v. State, ante, p. 230, 106 So. 873; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Seigler v. State, 19 Ala. App. 135, 95 So. 563. The remark of the court tended to discredit the defendant's requested charge, and was reversible error. Stephens v. State, 47 Ala. 696.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. Appellant was convicted, generally, under an indictment charging in one count distilling, etc., prohibited liquors, and in another unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors.

[1, 2] It was error to allow defendant's witness Elbert Dicky to be asked and required to answer whether or not he had been convicted of manufacturing liquor, etc. Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338. However, an examination of the record convinces us that this witness' testimony exclusive of this illegal impeachment, did not tend in the slightest to prove or disprove defendant's innocence or guilt, and we would not reverse the judgment for this purely technical error. Supreme Court rule 45.

[3] The record shows: That the trial court gave, at appellant's request, the following written charge:

"I charge you gentlemen of the jury that the evidence in this case is entirely circumstantial, and, before you can convict the defendant, you must believe from the evidence beyond all reasonable doubt that there is a complete chain of circumstances connecting the defendant with the offense or offenses charged."

And that the court, at the time of giving said charge, and in connection therewith, said to counsel for appellant, in the presence and hearing of the jury:

"I don't think that this is a good one, but I am going to give it."

To be sure, upon objection to this statement by the court, the court charged the jury explicitly that they were not to consider in any way remarks passing between it and counsel. But the court did not retract his words expressing his opinion that the charge was faulty; and we believe his remarks deprived appellant of one of his substantial rights. The charge appearing in the record as "given," of course, the appellant can get no review of its sufficiency in law; and the court's expression above quoted certainly, it seems to us, rendered the giving of said charge valueless to him. This, in our opinion, was prejudicial error.

[4] We do not think the remarks of the solicitor in his argument to the jury transcended the rules. However, the same were on the borderland of propriety. The appellant was not entitled to have given at his request the general affirmative charge.

The other questions raised may not arise on another trial, and, since they involve only elementary principles of law, will not be discussed.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.