Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

60 So.2d 257

## COATS v. STATE.
### 8 Div. 949.

Court of Appeals of Alabama.
June 29, 1951.

Rehearing Denied Aug. 2, 1951.

Affirmed on Mandate Aug. 5, 1952.

HARWOOD, Judge.

This appellant stands convicted under an indictment charging him with possession of a still, or a substitute therefor, etc.

516

■ The evidence submitted by the State was amply sufficient to sustain the verdict rendered.

■ The record discloses the following occurrence during the argument of the Solicitor:

"By Mr. Pounders:

"Defendant objects to the statement by the Solicitor 'has his possession of that part of a still been explained to you sufficiently?' Defendant objects and moves to exclude the statement, and asks the court to declare a mistrial because of the Solicitor commenting on the absence of the defendant testifying.

"By the Court:

"Sustain the motion, that part of the argument, gentlemen, about something having not been explained to you, is excluded and please do not consider that when you deliberate, the basis for the ruling is that it is an indirect reference to the fact that the defendant did not get on the stand and testify, the law says the defendant has the privilege of getting on the stand or not, but if he does not, that fact cannot be commented upon, and that is excluded. And as far as the motion for a mistrial is concerned, the court overrules that.

"Defendant excepts to the ruling of the court on the motion for a mistrial."

During the oral charge to the jury the court instructed the jury as follows: "Something has been said in the arguments, gentlemen, which needs clarifying; this is, a comment was made indirectly that the defendant did not furnish certain proof. The law is that a defendant can testify on the stand if he wants to; the law says he does not have to—he can make his decision, and the law says that it cannot be commented on directly or indirectly, and that is excluded from your consideration and please do not consider that when you deliberate. The law is—every defendant tried in this State is presumed to be innocent until he is proven guilty by the evidence beyond a reasonable doubt and to a moral certainty, and if the State has

met that burden and has proven him guilty, it is your duty to convict him; if it has not, it is your duty to acquit him whether the defendant took the stand or not."

No evidence was offered by the defense in the trial below.

The appellant timely filed a motion for a new trial, one of the grounds of which asserted error because of the aforementioned remarks of the Solicitor.

It is the opinion of the writer that fairness to this appellant demands that on this appeal we consider that the remarks of the court fixed the character of the Solicitor's remarks in so far as the jury was concerned, that is that the Solicitor's statement was an indirect comment on the appellant's failure to testify. Undoubtedly the learned and careful trial judge was attempting, in so far as he could, to eliminate any prejudice to appellant's rights.

In the recent case of Robertson v. State, Ala.App., 53 So.2d 575,[1] we had occasion to consider a similar point. Our conclusions were expressed as follows:

"Prior to 23 June 1949, Section 305, Title 15, Code of Alabama 1940 read:

" 'On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel.'

"By an Act approved 23 June 1949, Gen.Acts of Alabama, 1949, p. 150, Section 305, Title 15, pocket parts, Code of Alabama 1940, Section 305, supra, was amended by adding the following sentence:

" 'If the solicitor or other prosecuting attorney makes any comment concerning the defendant's failure to testify, a new trial *must* be granted on motion filed within thirty days from entry of the judgment.' (Italics ours.)

"Prior to this amendment a reversal of a case was sometimes denied because of the Solicitor's comment on the defendant's failure to testify, where the trial court

1. Ante, p. 117.

sustained an objection to such comment, and promptly, appropriately, and vigorously instructed the jury as to the impropriety of such remarks. Cable v. State, 245 Ala. 53, 15 So.2d 600; Troup v. State, 32 Ala. App. 309, 26 So.2d 611.

"It is apparent that by the 1949 amendment, supra, it was the intent of the legislature to remove from the operation of the principle of 'error without injury' the improper comment by a Solicitor relative to a defendant's failure to testify. Such comment is now an absolute ground for the granting of a motion for a new trial."

This cause must therefore be reversed and remanded, and it is so ordered.

Reversed and remanded.

CARR, Presiding Judge (dissenting).

I am not in accord with some of the views expressed by the majority opinion.

My associates do not expressly declare that the statement of the prosecuting attorney was a comment on the defendant's failure to testify. I think that it was not.

Section 132, Title 29, Code 1940, provides: "The unexplained possession of any part or parts of any still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages shall be prima facie evidence of violation of this article."

In the case at bar the State established by the evidence that the accused had in his possession parts of a still which were commonly or generally used for or suitable for use in the manufacture of prohibited liquors. Under the provisions of the above statute this was prima facie evidence of the violation of the statute under which the defendant was being prosecuted.

The jury was privileged to look to the entire proof in an effort to ascertain whether or not this proven possession had been sufficiently explained. It was not required that only the testimony of the accused should furnish this explanation. So it does not logically follow that the solicitor's statement was a comment on the defendant's failure to testify.

In the case of Lumpkin v. State, 19 Ala.App. 272, 97 So. 171, 174, we held that the limit of legitimate argument was not transcended in this statement: "If I (state's counsel) had been defending the defendant, and it appeared that he had left at 10 o'clock at night, under the circumstances as shown by this evidence, I would have called upon him for an explanation of his conduct."

In Roberts v. State, 122 Ala. 47, 25 So. 238, 240, the prosecutrix testified that the accused had asked her to kiss him, and, being refused, told her that if she told her father accused would kill both her and her father. In this state of the evidence the Supreme Court held that it was not error for the solicitor to assert: "And no one knew better than Marion Roberts, the defendant, that Annie Hattoway had not told·her father about this kissing talk at the cow pen."

In the case of Dickey v. State, 21 Ala. App. 644, 111 So. 426, a witness, Butler, testified that he saw the defendant catching some whiskey in a bottle. In reference to this accusation, the solicitor stated: "Who said he didn't do that". We held that this could not form a basis for a reversal.

In the case of Sutton v. Commonwealth, 85 Va. 128, 7 S.E. 323, the prosecuting attorney said in argument that the accused had not accounted for his whereabouts at the time of the homicide, nor for his flight from the State. The court held that this assertion did not call attention of the jury to the fact that the accused . failed to testify.

It is generally held that a statement by the prosecuting attorney to the effect that the evidence for the State is uncontradicted or undenied is not a comment on the defendant's failure to testify.

In People v. Donahoe, 198 Ill.App. 1, it was held that the prosecuting attorney in a criminal case may properly comment on the fact that the testimony of witnesses for the State had not been contradicted, even though the defendant alone was in a position to contradict or dispute such testimony.

See also, Clinton v. State, 56 Fla. 57, 47 So. 389; State v. Seely, 92 Iowa 488, 61 N.W. 184; State v. Labore, 80 Kan. 664, 103 P. 106; State v. Crawford, 95 Minn. 467, 104 N.W. 295; Johnson v. State, 109 Miss. 622, 68 So. 917; State v. Ruck, 194 Mo. 416, 92 S.W. 706; McDaniel v. State, 35 Okl.Crim. 425, 250 P. 804; Cravens v. State, Tex.Cr.App., 103 S.W. 921.

I could cite many other authorities, but the above are sufficient to illustrate my views.

The majority opinion states: "It is the opinion of the writer that fairness to this appellant. demands that on this appeal we consider that the remarks of the court fixed the character of the Solicitor's remarks in so far as the jury was concerned, that is that the Solicitor's statement was an indirect comment on the appellant's failure to testify."

I am at serious disagreement with this holding. In my judgment it will lead to much confusion and uncertainty in the determination of the effect and legal significance of remarks by the trial judge.

It is evincingly clear that only by the force and application of the statute as amended are we authorized to order a reversal of the judgment below. The purpose of the enactment of the statute is apparent. However, the recently added safeguard and blanket of protection should only be applied when, as the amendment plainly states, the prosecuting attorney "makes any comment concerning the defendant's failure to testify."

The content of counsel's assertion fixes the character and not the statement of the trial judge with reference thereto.

In applying the rights conferred by the indicated amendment, our reviewing task is to determine whether or not the language used by the prosecuting attorney, within the contemplation of the authorities, was a comment on the defendant's failure to testify.

To illustrate, let us consider a converse situation. Suppose, as a matter of fact, the assertion had violated the rule, but no ruling was made thereon. However, in a colloquy the trial judge had stated that in his opinion the statement was not a comment on the failure of the defendant to testify. Could it be said that the rights of the defendant under the current statute would be precluded and we would be forced to hold against him because the "remarks of the court fixed the character of the Solicitor's remarks in so far as the jury was concerned"?

Prejudicial remarks or expressions of the trial judge, if they stand uncorrected or if they are ineradicable, may compel a reversal of a judgment. That is not the question in the instant case. The rulings and remarks of the court were all favorable to the appellant, and nothing is presented for our review in this aspect.

For reasons stated, I respectfully dissent.

PER CURIAM.

Affirmed on authority of Coats v. State, 257 Ala. 406, 60 So.2d 261.