63 So.2d 573

## LITTLEFIELD v. STATE.

5 Div. 549.

Supreme Court of Alabama.

Dec. 18, 1952.

Rehearing Denied March 19, 1953.

Karl C. Harrison and Wales W. Wallace, Jr., Columbiana, for petitioner.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

BROWN, Justice.

The petitioner—defendant in the circuit court—was indicted, tried and convicted

in said court of the offense of criminal false pretense, an offense denounced by § 209, Title 14, Code of 1940. From the judgment of conviction he appealed to the Court of Appeals, where the judgment of conviction was affirmed. His petition for certiorari seeks a review and reversal of said judgment.

The third count of the indictment, upon which the verdict of guilty was rested, charges: "The Grand Jury of said County further charge that before the finding of this Indictment, D. C. Littlefield, alias Cleve Littlefield, whose Christian name is to the Grand Jury otherwise unknown, did falsely pretend to the Court of County Commissioners of Chilton County, Alabama, with intent to injure or defraud Chilton County, Alabama, that Robert Connell had sold or furnished to Chilton County, Alabama, or that Chilton County, Alabama, was indebted to Robert Connell for, 2392 feet or board feet of lumber, in the amount or value of $83.72, and by means of such false pretenses obtained from Chilton County, Alabama, a check or warrant drawn on the Gasoline Fund of Chilton County, Alabama, dated May 10, 1948, in the amount of $83.72, and of the value of $83.72, and made payable to the order of Robert Connell."

The basis for review here sought is that the burden was on the state to negative by proof that the *defendant, Littlefield, furnished to Chilton County lumber of the value of $83.72,* and in the absence of such proof defendant's requested affirmative charge as to count three of the indictment was erroneously refused. The fallacy of this contention is exposed and utterly destroyed by the averments of the indictment, that the defendant "did falsely pretend to the Court of County Commissioners of Chilton County, Alabama, with intent to injure or defraud Chilton County, Alabama, *that Robert Connell had sold or furnished to Chilton County, Alabama, or that Chilton County, Alabama, was indebted to Robert Connell for, 2392 feet or board feet of lumber, in the amount or value of $83.72,* and by means of such false pretenses obtained from Chilton County, Alabama, a check or warrant drawn on the Gasoline Fund of Chilton County, Alabama, dated May 10, 1948, in the amount of $83.72, and of the value of $83.72, and made payable to the order of Robert Connell." [Italics supplied.]

Lumber sold or furnished by the petitioner, Littlefield, was not an issue within the scope of the indictment and hence the petitioner's contention is without merit. The opinion of the Court of Appeals found as a fact that Robert Connell was offered as a witness for the State and that his testimony shows no such transaction as alleged ever existed or occurred.

The Court of Appeals found as a fact that the evidence in the case presented questions for jury decision and that the evidence was sufficient to sustain the verdict of the jury. Such findings of fact are not reviewable on certiorari. Ex parte Pesnell, 240 Ala. 457, 199 So. 726; Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824; Ex parte Sellers, 250 Ala. 87, 33 So.2d 349; Royal Ins. Co. Limited v. Story, 252 Ala. 275, 40 So.2d 724.

Certiorari is denied and the petition dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.