65 So.2d 704

**WASHINGTON v. STATE.**

**6 Div. 415.**

Supreme Court of Alabama.

April 2, 1953.

Rehearing Denied May 28, 1953.

Chas. A. Speir and Speir & Lewis, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

Appellant was convicted of burglary in the nighttime, with intent to commit rape, by breaking into and entering the inhabited dwelling house of Mrs. Betty Caroline Dean. The jury returned a verdict of guilty and fixed his punishment at death and he appeals from the sentence.

Mrs. Dean was the sole occupant of the house at the time of the burglary, had retired for the night and was awakened by the breaking of glass in the front room of her home. When she arose and went toward the front of the house she saw appellant, who told her if she made any noise he would "stick a knife" in her. He took her by the arm and according to her testimony "he opened up his pants and showed me his organs, and says, 'That is what—you see what I want.'" She plead with him that she was an old woman and not to bother her, but he "knocked her in the head" and then "dragged" her "outside under a tree" where he beat her into unconsciousness. When she recovered somewhat she made her way back into the house and called the police. The police arrived and she was taken to the hospital in a semiconscious condition, where she remained nine days. She testified that the crime took place sometime between twelve and one o'clock at night. The police officers testified they got the call at 1:20 A. M., arrived at 1:30 A. M. and found Mrs. Dean badly beaten. The appellant was apprehended in the house shortly after the arrival of the officers. A physician testified with respect to the severity of Mrs. Dean's wounds and that she had severe bruises and lacerations all over her head and body, including the pubic area. One of the doctors testified that appellant's wrists, hands and clothes had

black cinders on them and another witness testified that there were black cinders on Mrs. Dean's bed. There were also "scratch marks" on appellant's face which appeared to be "fresh." The evidence is silent with respect to whether or not he accomplished his purpose.

The defendant's plea was not guilty but he did not testify and offered no witnesses in his behalf.

The proposition most congently argued as error to reverse is the action of the trial court in overruling the defendant's objection to certain remarks of the assistant solicitor in his closing argument to the jury. No exception was noted after the ruling of the court. Following is the argument, with our interpolations *to make it somewhat more intelligible:*

"Mr. McCall: They seem to be reputable people to me [presumably the State's witnesses].

"That good lady [prosecutrix] sitting *back there is seventy-seven years of age,* and there is her daughter [both were witnesses]. He [meaning defendant's counsel, who had just argued] makes the asinine statement that you could have brought anyone up here, and she [prosecutrix] would have identified them. My goodness alive, gentlemen of the jury.

"Where a man is caught in a house like that, why didn't he [counsel] explain to you, when he was belittling that poor, old woman, at her age, and there are men on this jury with the snow of winter in their hair, when he was belittling her because she came here and told the truth, why didn't he explain to you why his client— what he was doing in that house? What was he doing in there? He didn't explain that. He wants to take it out on her and to insinuate something about these old boys [police officers] that go out and bare their breasts in the nighttime, to look after us in our homes, to try to belittle a couple of patrolmen when they went out there and as to what they saw. What were they interested in? The first thing they did was to get her to the hospital, wasn't it? You heard her statement. They called the hospital and took her there and put her in there. *They caught him, and they*

*caught him in the house, and they are to be commended for it, and he hasn't gotten up here and offered you any explanation of what he was doing in that house.*

"Mr. Speir: We object to that, Your Honor. He is commenting on the defendant not taking the stand.

"Mr. McCall: I said that the lawyer didn't. I haven't made any such statement at all.

"The Court: He didn't say that. Overruled.

"Mr. McCall: I haven't said that, and I asked him, his lawyer here, when he was belittling the poor, old woman, takes the stand and testified how she was beaten up and assaulted out there by this defendant on that occasion, why didn't he explain to you, when he was belittling her, what his client was doing in that house; that is what I said.

"You have got a right to know it. You are the citizens of this county. You have got a right to know the type of men you have got on your Police Department. They are seated over there. Look at them. They are the ones that catch these burglars, these scoundrels that are there, according to this evidence, harshly ravishing an old woman and beating her into insensibility on that occasion, when she was begging and pleading with him not to do so."

Counsel asseverate that the italicised portion of the argument was a direct reference to the failure of the defendant to testify and in violation of our statute, § 305, Title 15, Code, inhibiting such comment, thereby necessitating a reversal. In this we cannot agree. The statement must be viewed in its context and in the light of what had transpired, the preceding argument of defense counsel to which this argument was an answer and all other incidents of the trial. Broadway v. State, 257 Ala. 414, 60 So.2d 701 (3).

So considered, it is sufficiently clear that no transgression of the statute occurred as would warrant a reversal of the case. An impartial view of the italicized portion, when considered in connection with the

remainder of the argument, indicates to us, as it did to the trial court, that the reference was not to the defendant's failure to testify, but to his attorney, who had just argued the defense and evidently had castigated some of the state's witnesses—the prosecutrix and her daughter and the two patrolmen. It would seem that the foregoing argument was the not too uncommon practice of "trying" opposing counsel and asking him: When he was "belittling" the state's witnesses, why didn't he explain "what his client was doing in that house." This was what he said he meant, the trial court so interpreted it, and we think in the light of all the circumstances it would be a rather strained construction to conclude otherwise.

■ Moreover, as stated, no exception was taken to the action of the court in overruling the objection. The general rule is that improper argument of counsel is not ground for a new trial or the subject of review on appeal unless there is due objection by counsel or a motion to exclude, a ruling thereon by the court and an exception thereto or a refusal of the court to make a ruling. Anderson v. State, 209 Ala. 36, 95 So. 171.

It has been held that "When no exception is reserved to the ruling on defendant's objection to argument, it is good ground for a new trial only when the 'remarks (of counsel) are of such a character that neither rebuke nor retraction can entirely destroy their sinister influence.' Birmingham Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, 84, Ann.Cas. 1916A, 543; Anderson v. State, 209 Ala. 36(20), 95 So. 171; Louisville & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 104, 27 So. 760; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389." Central of Ga. Ry. Co. v. Purifoy, 226 Ala. 58, 59, 145 So. 321. However, in the instant case the defendant included no such ground in his motion, of consequence of which the point contended for is not subject to review under the last-stated principle.

■ These rules prevail even under the automatic appeal statute. Only review of rulings on trial with respect to matters of evidence are within the scope of the statute obviating the necessity of interposing seasonable objection and exception. Code 1940, Title 15, § 382(10), 1951 Cum. Pocket Part, Vol. 4, p. 103; Broadway v. State, 257 Ala. 414, 60 So.2d 701(4); Townsell v. State, 255 Ala. 495(4), 52 So. 2d 186; James v. State, 246 Ala. 617, 21 So.2d 847.

■ It is argued for appellant that this court should adjudge that an exception was taken to said ruling because of a post-trial hearing before the presiding judge of that circuit, in which counsel for the defendant testified that exception was reserved, whereas the assistant solicitor and the court reporter testified to the contrary or that they had no recollection of such fact. After hearing the judge stated that he was unable to determine whether an exception was or was not taken and that therefore he could not adjudge that the same was taken. This court is certainly no better advantaged to determine the question than was the trial court. The burden is on the appellant to establish the fact contended for and to show error, and in the state of the record here he has not discharged that burden.

■ It is also argued that the trial court erred to a reversal in not granting a new trial on the ground of newly discovered evidence. We regard this contention as also without merit. Movant, for his motion to prevail, must show that the proffered evidence could not have been discovered before the trial by the use of due diligence, that it was material and competent, not merely cumulative, and will probably change the result. O'Pryor v. State, 237 Ala. 13, 185 So. 374; Thomas v. State, 231 Ala. 606, 165 So. 833.

■ Such a showing is not made within the requirements of the rule. Only two witnesses were brought forth on the motion whom it is claimed could not have been procured by the exercise of due diligence—the defendant's sister and brother-in-law. It is hardly to be conceived that these two witnesses could not have been procured for the trial. The mere statement that due diligence was used is not sufficient in the light of the circumstances.

■ Moreover, conceding that the testimony of all the witnesses which was considered on the hearing of the motion could not have, with diligence, been procured for the trial, we cannot say with any degree of certainty that had their testimony been given at the trial it might have changed, or if presented on another trial will probably change, the result. The purport of the testimony was to prove that defendant was approximately two blocks from the place of the crime at 11:00 and at about 1:15. In such cases time is usually relative and preciseness is uncertain, and whether those facts were true or not would not satisfactorily establish an alibi or negate the fact that defendant was at the house of the prosecutrix between twelve and one o'clock, or at 1:30 when the officers found him there.

The granting of such a motion is addressed to the sound discretion of the trial court and will not be revised on appeal unless it clearly appears that that discretion has been abused, which we cannot here affirm as a fact. Maund v. State, 254 Ala. 452, 48 So.2d 553; Slaughter v. State, 237 Ala. 26, 185 So. 373.

The judgment is due to be affirmed. So ordered.

Affirmed.

All the Justices concur except LIVINGSTON, C. J., not sitting.

## On Rehearing

SIMPSON, Justice.

We are still convinced no error to reverse is made to appear, but will defer to the earnest argument of counsel to make this brief response.

■ No constitutional beneficence is accorded any defendant by requiring the court *ex mero motu* to exclude improper argument of counsel, although error will not be pronounced for such action in a proper case. If improper argument is made, the point must be preserved below somewhere in the course of the proceedings in order to invite a review. As indicated on original deliverance, the point here contended for was not preserved either pending trial or in the motion for a new trial. The guilt of the defendant seems beyond doubt and it would be improper for this court to make shipwreck of the rules of appellate procedure to seize upon some technicality—if possible—in order to reverse his case.

■ The ruling of Judge McElroy regarding the taking of the exception in effect denied the claim of appellant that an exception was taken—his conclusion being " * * * the Court cannot and does not find or adjudge that an exception was taken to said ruling." We do review that ruling with the usual presumption attending a hearing below on evidence heard ore tenus. Being so, we reassert that appellant did not discharge his burden of establishing error. Also, we still entertain the view that although the confused statement of the solicitor might, in part, be interpreted to have been a comment on the defendant's failure to testify, when the entire statement is viewed in context it is also subject to the interpretation we accorded it on original deliverance. True, as a matter of judicial precaution, the court could have well excluded the argument, but to pronounce his failure in that regard to be error to reverse would, as we have stated, be out of order. The case of May v. State, 209 Ala. 72, 95 So. 279, is to be differentiated in two respects: first, in that there, there were no preceding remarks of the solicitor which illustrated its import or indicated other than that the comment was on the defendant's failure to testify; second, in that case an exception was duly reserved to the court's action in overruling the defendant's objection. The case there cited of Stone v. State, 105 Ala. 60, 17 So. 114, on the matter of review is more analogous to the one at bar where no exception was reserved to the ruling of the court, the holding being that no error to reverse was made to appear. See also Baker v. State, 122 Ala. 1, 26 So. 194.

■ On the question of review and the necessity of preserving the point somewhere in the course of the proceedings, Judge Stone long ago in Cross v. State, 68 Ala. 476, 484, in quoting from

the Wisconsin case of Brown v. Swineford, 44 Wis. 282, 28 Am.Rep. 582, which case held that it was the duty of the court to interfere when improper remarks of counsel had been made, said: "We sum up, lest we be misunderstood. There must be objection in the court below, the objection overruled, and an exception reserved." The only enlargement of this rule is that where the argument is so greatly prejudicial that its harmful effect is viewed as ineradicable, it may be made a ground for a motion for a new trial. Cases, supra; Bell v. State, 227 Ala. 254, 149 So. 687; American Ry. Express Co. v. Reid, 216 Ala. 479, 484, 113 So. 507.

Application for rehearing overruled.

All the Justices concur.