81 So.2d 901

## Carl WELCH

v.

## STATE.

### 5 Div. 610.

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

McKee & Maye, Opelika, opposed.

Bernard F. Sykes, Asst. Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the petition.

MERRILL, Justice.

Title 15, Section 305, Code of 1940, is as follows:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

The sole question before us is whether the provisions of said section were violated by the occurrence stated in the opinion of the Court of Appeals. We quote: "The defendant did not testify in the case nor introduce any evidence otherwise.

"In his argument to the jury the prosecuting officer stated that 'he had a good case and the defense had not offered any evidence.'

"* * * when the prosecuting officer made the statement of instant concern, the court overruled the objection and stated: 'I don't think that is directly commenting on the fact that the defendant did not testify. If I thought so, I would certainly sustain your motion.' "

(We were in doubt as to whether it was the trial court or the defendant who first injected the question of the defendant's failure to testify. We went to the record to clarify this uncertainty and it reveals that counsel for defendant assigned that specific ground when he interposed his objection.)

We cannot agree that the remark in the instant case is such as to result in a reversal of the case.

■ In his dissent in the case of Coats **v.** State, 36 Ala.App. 515, 60 So.2d 257, 260, certiorari granted 257 Ala. 406, 60 So.2d 261, wherein the decision of the Court of Appeals was reversed, the late lamented Presiding Judge Carr of the Court of Appeals, enunciated the following which we think is a correct statement of the law:

"It is generally held that a statement by the prosecuting attorney to the effect that the evidence for the State is uncontradicted or undenied is not a comment on the defendant's failure to testify."

We have examined the authorities cited following this statement and they support the proposition. Also, in the case of Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565, 570, certiorari denied 258 Ala. 532, 63 So.2d 573, where the defendant was convicted of obtaining a county warrant by false pretenses, and the warrant bore the endorsement of the defendant, the Court of Appeals, in commenting on the solicitor's statement to the jury that " 'Nobody denies that's the signature of Cleve Littlefield' ", said:

"The remark of the State's attorney was no more than a comment that a certain phase of the State's evidence was uncontradicted. Certainly the State's attorney should be permitted to comment on the character of the evidence presented by the State and its strength. That certain evidence is uncontradicted tends to show its strength. Our statute does not abrogate the right of the State's counsel to comment on legitimate inferences in this regard. The remarks of the prosecutor here definitely were not a direct reference to the defendant's failure to testify. Nor under the facts of this case could it be said that this defendant was the only witness by which the signature of the defendant could have been questioned, and that therefore the remarks of the State's attorney must necessarily be interpreted as referring only to the defendant and his failure to testify. Handwriting experts are frequently used in developing evidence of this nature.

"We find nothing in the questioned remark removing it from the general rule that statements by a prosecutor to the effect that evidence for the State is undenied or uncontradicted does not violate a statute prohibiting comments on the defendant's failure to testify. A vast number of cases from numerous jurisdictions treating this principle may be found in an excellent annotation in 68 A.L.R., p. 1127. We find no error in the court's ruling in this instance."

For annotation on defendant's failure to produce testimony see 68 A.L.R. 1139.

■ Furthermore, the trial court was in a position to observe the situation, the demeanor of the solicitor, the inflection of his voice and all the attending circumstances. The judge was an experienced trial lawyer before he assumed his duties on the bench, and his statement shows that he fully understood the question presented and that he "would certainly sustain the motion" if he thought it amounted to commenting on the fact that the defendant did not testify. We are in agreement with the trial court that the statement was neither a direct nor a

covert reference to the failure of the defendant to testify, and it would be a rather strained construction to conclude otherwise. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Washington v. State, 259 Ala. 104, 65 So.2d 704.

The judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and STAKELY, JJ., concur.

MAYFIELD, J., dissents.

MAYFIELD, Justice (dissenting).

The chief prosecuting officer for the State is prohibited from doing by indirection that which he is barred from doing directly. The statement of the solicitor that the "defense has offered no evidence" effectively directed and focused the attention of the jury upon the fact that the defendant had exercised his constitutional privilege against self incrimination. This is expressly forbidden by our statute. For this reason I must respectfully dissent.