185 So.2d 414

**Troyt TAYLOR**

v.

**STATE of Alabama.**

**8 Div. 218.**

Supreme Court of Alabama.

March 10, 1966.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for petioner.

H. Neil Taylor, Russellville, opposed.

MERRILL, Justice.

The defendant was convicted of the charge that he sold or removed property, on which the First National Bank of Russellville had a lawful and valid claim, with the purpose to hinder, delay or defraud the bank. He was sentenced to a term of two years in the penitentiary, and he appealed. The Court of Appeals reversed the judgment, and the State applied for writ of certiorari, which we granted.

The Court of Appeals reversed because it found that two remarks by the special prosecutor, in his argument to the jury, breached the prohibition of commenting on the defendant's election not to testify. Title 15, § 305, Code 1940, provides, in part, that the defendant's failure to testify shall not be subject of comment by counsel for the prosecution.

During the trial, Mr. Pelham Sargent, Vice President of the bank, testified "after

proper predicate, that Taylor said he didn't have a cow."

The special prosecutor, in his argument to the jury, made the two statements to which exception was taken. We copy from the opinion of the Court of Appeals:

"MR. TAYLOR: Now, at this time we object to the statement of counsel wherein he stated, 'At this time, gentlemen, I think that you believe what Mr. Sargent said is true, you haven't heard anyone say here that it wasn't except the attorney who was representing the defendant.' At this time we move for a mistrial.

"THE COURT: Overruled the motion.

"MR. TAYLOR: Reserve an exception.

. *   *   *   *   *   *

"MR. TAYLOR: Let the record show we object to the remark, 'Gentlemen, are you going to let the man say or let the attorney say, "I am not guilty of this crime".'

"THE COURT: Overruled the objection."

We have held that Tit. 15, § 305, is designed to prevent the creation of any unfavorable inference from the accused's silence, but it does not abrogate the right of State's counsel to comment on legitimate inferences of the evidence. Johnson v. State, 272 Ala. 633, 133 So.2d 53.

We have approved the general rule that a statement by the prosecuting attorney to the effect that the evidence for the State is uncontradicted or undenied is not a comment on the defendant's failure to testify. Welch v. State, 263 Ala. 57, 81 So.2d 901; Swain v. State, 275 Ala. 508, 156 So. 2d 368.

Also in the *Welch* case, supra, we quoted from the opinion in Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565, cert. denied 258 Ala. 532, 63 So.2d 573, where the prosecuting attorney, in referring to defendant's purported endorsement on a county warrant, remarked, "Nobody denies that's the signature of Cleve Littlefield," and said:

" 'The remark of the State's attorney was no more than a comment that a certain phase of the State's evidence was uncontradicted. Certainly the State's attorney should be permitted to comment on the character of the evidence presented by the State and its strength. That certain evidence is uncontradicted tends to show its strength. Our statute does not abrogate the right of the State's counsel to comment on legitimate inferences in this regard. The remarks of the prosecutor here definitely were not a direct reference to the defendant's failure to testify. Nor under the facts of this case could it be said that this defendant was the only witness by which the signature of the defendant could have been questioned, and that therefore the remarks of the State's attorney must necessarily be interpreted as referring only to the defendant and his failure to testify. Handwriting experts are frequently used in developing evidence of this nature.

" 'We find nothing in the question remark removing it from the general rule that statements by a prosecutor to the effect that evidence for the State is undenied or uncontradicted does not violate a statute prohibiting comments on the defendant's failure to testify. A vast number of cases from numerous jurisdictions treating this principle may be found in an excellent annotation in 68 A.L.R., p. 1127. We find no error in the court's ruling in this instance.' "

Applying these principles to the first statement made by the special prosecutor, that the jury had not heard any one say that Mr. Sargent's testimony wasn't true except the attorney who was representing the defendant, we cannot agree that error to reverse was presented. The remark was not a direct reference to the defendant's failure to testify. The State's evidence on this point had not been contradicted or de-

nied by any witness. The point was properly made that the only denial came from defendant's counsel.

The second statement, "Gentlemen, are you going to let the man say or let the attorney say, 'I am not guilty of this crime,'" is typical of special prosecutors who are not experienced in prosecuting criminal cases. When the trial began, the defendant, by his counsel, announced that he pleaded not guilty. We can fairly assume that his counsel argued that he was not guilty, and finally, it was the duty of the trial court to tell the jury in his oral charge that the defendant pleaded not guilty. Moreover, the jury had no power over the defendant or his counsel as to whether either would say the defendant was not guilty.

We think the special prosecutor knew these facts, and what he meant to say and imply was that the jury was not going to believe his plea of not guilty in view of the evidence they had heard.

We consider this second remark to imply a reference to the strength of the State's case and not to refer, directly or indirectly, to the failure of the defendant to testify.

Our conclusion in this case is similar to that reached in each of the following cases, where it was held that the remark of the prosecuting attorney was not in violation of Tit. 15, § 305.

In Coats v. State, 257 Ala. 406, 60 So.2d 261, the remark, in a charge of possession of a still, was: "Has his possession of that part of the still been explained sufficiently?"

In Washington v. State, 259 Ala. 104, 65 So.2d 704, the remark, in a nighttime burglary case, was: "They caught him, and they caught him in the house, and they are to be commended for it, and he hasn't gotten up here and offered you any explanation of what he was doing in that house." We held "the reference was not to the defendant's failure to testify, but to his attorney, who had just argued the defense."

In Welch v. State, 263 Ala. 57, 81 So.2d 901, the remark, in a liquor transportation case, was: that "he had a good case and the defense had not offered any evidence."

In Swain v. State, 275 Ala. 508, 156 So. 2d 368, affirmed 380 U.S. 202, 85 S.C. 824, 13 L.Ed.2d 759, the remark, in a rape case, was: "Gentlemen, do you think we have proved those three elements? I submit to you that it is not denied, there is not a word come from this stand that denied the charge of rape. We have proved it to you, gentlemen, beyond a reasonable doubt that this prosecuting witness was raped. Now the only question that the defendant has raised here by his attorneys is the question of identity."

In Dickey v. State, 21 Ala.App. 644, 111 So. 426, the remark, in referring to testimony of the State's witness Butler, who said he saw defendant walk to the still and catch some whiskey in a bottle, was: "Who said he didn't do that?"

The judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and HARWOOD, JJ., concur.

COLEMAN, J., dissents, and would affirm the holding of the Court of Appeals.