213 So.2d 869

**William HOLDEN, Jr.**

v.

**STATE.**

**8 Div. 168.**

Court of Appeals of Alabama.

Aug. 27, 1968.

Robt. Straub, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant stands convicted of the offense of grand larceny. His punishment was fixed at five years' imprisonment.

The evidence for the State tends to show that a 1966 Pontiac Bonneville automobile, valued at $3,500.00 to $3,800.00, the property of Mr. Rex Rankin, was stolen from the parking lot at his place of business in Decatur, Alabama, on October 4, 1966. The same day this car was parked near a telephone pole at the corner of an alley at Second Avenue and Fifth Street in Decatur. The car had been wrecked and the front end was crushed. A telephone employee, working on a nearby pole, identified defendant as the man who parked the car and walked away.

The evidence presented a jury question. The court did not err in refusing the affirmative charge.

The defendant did not testify in the case nor offer any evidence in his behalf.

■ The District Attorney, in his closing argument to the jury, stated:

"We have a strong case and the defendant has offered no evidence."

The court sustained the defendant's objection and instructed the jury to disregard this statement. There was no error in the overruling of the motion for a mistrial. Davis v. State, 259 Ala. 212, 66 So.2d 714.

■ The District Attorney remarked that in view of the court's ruling he would withdraw the statement and asked that it be stricken. The court said, "Let it be withdrawn and I will tell the jury to strike it."

Thereupon the District Attorney stated to the jury:

"We will say we have a strong case and the defense has offered no evidence." Defense counsel objected and moved for a mistrial. The court overruled the objection and the motion. This ruling was proper. The Supreme Court, in Welch v. State, 263 Ala. 57, 81 So.2d 901, has held that such a statement by the prosecutor is not a prohibited comment on defendant's failure to testify.

After the jury was selected and seated in the box the following occurred:

"MR. HUNDLEY: The witnesses in the other cases on the docket, we would like them to be excused. We wouldn't try two.

"THE COURT: Are there any witnesses in the other—well, you all can go now. Thank you.

"MR. STRAUB: Your Honor, I would like to enter an objection on the record and ask for a mistrial.

"THE COURT: Wait a minute. You have jurors in here right now. You better hold it. Wait a minute. You have witnesses and jurors here. Don't say anything.

"MR. STRAUB: All right. I will wait.

(THE FOLLOWING OCCURRED OUT OF THE PRESENCE OF THE JURY)

"THE COURT: Now, what is it Mr. Straub?

"MR. STRAUB: I want to let the record reflect that after striking the jury and while the jury was still in the box and before the court was dismissed the District Attorney asked the court in words and substance as follows: 'Your Honor, would you please announce that

the witnesses in the other case against this defendant may be excused;' that this was done within the presence of the hearing of the jury. We object to that statement and ask for a mistrial.

"MR. HUNDLEY: We join issue. I don't recall. I thought I was trying to avoid saying, 'This defendant.' I thought I emphasized the other case.

"THE COURT: I was going to say as the way I recall it he said, 'In the other case.' I stopped him. I didn't want him to say anything in front of the jury. I held my hand up and—if you have some proof, I am open on it. The way I recall it he said, 'In this case.'

"MR. STRAUB: All I have is my memory.

"THE COURT: Did the Court Reporter take it?

"THE REPORTER: Yes, sir.

"THE COURT: Look that up and read it back to us.

(THE STATEMENT BY MR. HUNDLEY REPEATED BY THE REPORTER.)

"THE COURT: The record then shows we have had the Court Reporter look it up. He says, 'The witnesses in the other cases.' I would presume someone here would think about other cases other than this defendant, other cases that have been called today, and I didn't think he said, 'Against this defendant.' That is when I stopped him. Does that clear your mind on it, Bob, or is there some question?

"MR. STRAUB: I still reserve my objection and exception. Of course, the record, I presume, speaks for itself."

The court stated further that the District Attorney approached the bench to make his statement; that there was some commotion in the courtroom at the time from other jurors and parties and he didn't know that the jury heard what the District Attorney said * * * "I don't believe that I will grant the mistrial motion because I don't believe there was any harm done."

The matter of granting a mistrial for the alleged misconduct of the District Attorney is largely within the discretion of the trial judge and his rulings will not be overturned in the absence of a gross abuse of his discretion. We find no abuse of discretion in this case.

We find no error in the record, and the judgment is affirmed.

Affirmed.