HARRIS, Judge.
Appellant was convicted of assault with intent to ravish and sentenced to the penitentiary for a term of ten years. Prior to arraignment he was found to be indigent and counsel was appointed to represent him. He pleaded not guilty and not guilty by reason of insanity. After sentence was imposed, he gave notice of appeal and was furnished a free transcript and trial counsel was appointed to represent him on appeal.
Prior to trial appellant’s counsel filed a motion to have the Court institute an investigation as to the sanity of the defendant and 5the Court set the motion for a hearing and considerable testimony was taken. At this hearing appellant testified at length. It developed that appellant was seventeen years of age at the time of the alleged offense and was born in California. He ran afoul of the law in the state of California and spent the better part of ten years in and out of juvenile detention during which time he was examined by a psychologist and treated by a psychiatrist according to his testimony. He was convicted of larceny and burglary and was put on parole from time to time but would invariably get into trouble.
He left California while on parole and moved to Enterprise, Alabama, to live with his grandparents. According to his testimony he finished the twelfth grade while in prison.
He was examined by Dr. H. S. Noe in Enterprise who is connected with the Mental Health Center in that city and who received his Ph.D. in Clinical Psychology from the University of Tennessee. Dr. Noe testified that from his examination he could not find anything to indicate appellant was psychotic and that in his opinion he had an appreciation of what was right and what was wrong. However, he did suggest further evaluation. At the conclusion of the hearing the trial judge made the following order:

"COURTS ORDER GRANTING DEFENDANTS PETITION FOR SANITY EXAMINATION

“The defendant in this cause is under indictment in Coffee County, Alabama, Enterprise Division, in five cases, one for rape and four for assault with intent to rape. The defendant filed petition with this court asking that an'investigation be had pertaining to his sanity. The cause was set for hearing and heard before the court.
“From the evidence submitted, this court has serious doubts whether the defendant is suffering with any mental incapacity, however, in view of much testimony that he had heretofore been treated at numerous times by various psychiatrist in the State of California, considered with some of the other evidence in the case, it is the opinion of the court that he should be examined by a qualified psychiatrist under the Department of Mental Health, State of Alabama, to determine whether or not he was mentally incapable at the time of the offense as charged and whether or not, at this time, he is mentally capable to stand trial.
“IT IS THEREFORE ORDERED by the court that the defendant be ordered to the custody of the Department of Mental Health, State of Alabama, wherever directed by said department, where he shall be examined by a qualified psychiatrist who shall advise this court whether or not this defendant is insane to a degree that he would not be responsible for commission of the offenses charged, viz, rape and assault with intent to rape, and whether or not he is at the present time sane to the degree that he could participate in his trial in the offense of this cause.
*917 “It is further ordered that upon notice that said department will receive this defendant, that the Sheriff of Coffee County, Alabama, proceed to deliver his custody to said department at where ever directed and that said, department shall retain the custody of said defendant until he is improved if he is insane or until such time it is determined that he should be returned to Coffee County for trial. The defendant is incarcerated in Coffee County Jail and not under bond therefore he should not be released by the Department of Mental Health except to be returned to the custody of said county.
“It is further ordered that the costs of transporting this defendant for this purpose shall be born by the State of Alabama as provided by law.
“Done this Sth day of March, 1975.
“ERIS F. PAUL
Circuit Judge
“Filed: March 5, 1975.”
Following this order appellant was sent to Searcy Hospital and was admitted on March 25, 1975.
On May 2, 1975, a report was sent to Judge Paul giving in detail the treatment administered to appellant during his stay in this mental hospital including mental and physical examinations, psychological testing, social history study, treatment team interview, psychiatric evaluation and neurological work-up. The report concluded with these paragraphs:
“Considering the above mentioned evaluative procedures, the treatment team in collaboration with the staff psychiatrist agreed on a diagnosis of Adjustment reaction of adolescence (with features of antisocial personality).
“In view of the foregoing, it is the treatment team’s opinion that this patient is sane, is mentally competent to stand trial, knows the difference between right and wrong and is able to communicate and cooperate with counsel in his defense. This was discussed explicitly with the patient and he concurred in this opinion. Therefore, he should be remanded to the Coffee County authorities as soon as possible for disposition of the pending charges against him.”
Appellant was put to trial on September 15, 1975. There is no dispute in the testimony. Appellant did not testify and offered no evidence in his behalf.
The victim testified that on Wednesday night before the third Sunday in December, 1974, she was walking on Daleville Avenue in Enterprise, Alabama, on her way to Friendship Baptist Church to choir practice. The time was between 6:30 and 7:00 p. m. It was dark except for the street lights and she was alone. She further stated that a person came around the corner of a store next to a vacant lot and stepped in front of her and asked her name. She told him she didn’t have a name and the man had an open switchblade knife and grabbed her and said “he wanted some -, and that he would cut my - -throat.” She said he tore her jacket off and she ran into a barber shop nearby and reported the attack on her. She dropped her brown bag and hymn book at the scene. A man from the barber shop went with her to the place where the man grabbed her and she found her jacket, bag and hymn book. She stated she had never seen the man before that night.
The victim stated she struggled with the man for several minutes and got a good look at him. She made a positive in-c.ourt identification of appellant as the man who attacked her with an open knife.
The victim further testified that she went to the Police Department that same night but they did not let her sign a warrant for anybody’s arrest. Several weeks later the police picked her up and carried her to headquarters where she identified appellant as her attacker. She stated that she had not forgotten the man’s face and would never forget it.
Defense counsel objected to the District Attorney’s closing argument wherein he *918 said, . . What did you tell Mr. Mc-Alily when you talked to him ? And nobody takes the stand to rebut what she tells you,” and asked that it be stricken from the record. The Court said:
“I will sustain that and note the objection is sustained.”
In King v. State, 45 Ala.App. 348, 230 So.2d 538, Judge Cates (now Presiding Judge) wrote:
“Under Washington v. State, 259 Ala. 104, 65 So.2d 704; Welch v. State, 263 Ala. 57, 81 So.2d 901, and Taylor v. State, 279 Ala. 390, 185 So.2d 414, § 305 is read literally, i. e., covert references are construed against the defendant. In other words, no matter what the jury might infer, there must virtually he a direct identification of the defendant alone as the individual who has not become a witness. Earlier cases to the contrary apparently must be viewed askance. See Williams v. State, 43 Ala.App. 343, 190 So.2d 556, and the border line case of White v. State, 44 Ala.App. 312, 208 So.2d 222.”
There was no motion to suppress the identification of appellant by the victim; there was no motion to exclude the State’s evidence; there was no motion for a new trial; there were no exceptions reserved to the Court’s oral charge to the jury; there was no request for the affirmative charge, and no adverse rulings on the admission of evidence which contained any merit. In this state of the record nothing is presented to this Court for review. Eady v. State, 48 Ala.App. 726, 267 So.2d 516; Price v. State, 53 Ala.App. 465, 301 So.2d 230; Goodman v. State, 52 Ala.App. 265 291 So.2d 358; Mosley v. State, 54 Ala.App. 59, 304 So.2d 613.
The judgment entry is in all things proper. It recites that the Court explained to the defendant that he had a right to apply to be treated as a youthful offender but after a conference between the Court, the defendant and defendant’s attorneys, the defendant in the presence of his attorneys announced to the Court that he waived his right to apply to be treated as a youthful offender, did not apply to be so treated, did not waive his right to a jury trial, and elected to be treated as an adult.
Such an application would have probably been fruitless anyway as he was indicted for one case of rape and four cases of assault with intent to ravish.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.