SALVADOR RUEDAS V. THE STATE.

No. 21898. Delivered February 4, 1942.

The opinion states the case.

O. B. *Garcia,* of Brownsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of three years.

The record shows that on the afternoon preceding the night of the unfortunate occurrence, the appellant and Juan Dominguez came from a ranch, where they were employed, to the City of Brownsville in an old pick-up truck. Upon their arrival in the city, they went to the Beach Way Inn (a dance hall and beer parlor) where they drank some beer and where they were joined by Manuel Villaon, a girl companion, and the deceased, Robert Valdez. After spending some time at the Inn, they all went in appellant's pick-up truck to the Ranchito, (another dance hall and beer parlor) where they drank more beer and engaged in dancing. At midnight or soon thereafter, they left the Ranchito in appellant's truck. He was doing the driving. On the seat with him was Villaon and the girl companion while the deceased stood on the running-board of the truck and at intervals would swing backward and forward. Before they had gone a great distance the truck ceased to function for some reason. The deceased and Villaon got out, worked on the truck, and succeeded in apparently eliminating the trouble. They drove across the railroad track, where the fender and running-board on the right side of the truck upon which the deceased was standing, struck a telephone pole and threw the deceased some distance from the truck. Officers were called who immediately upon their arrival at the scene of the accident, called an ambulance in which the injured party Valdez was carried to a hospital where he died a few hours later. The officer who took appellant in charge testified that he was drunk at the time.

Appellant testified in his own behalf and denied that he was drunk on the night in question. He stated that he drank three bottles of beer at the Beach Way Inn and one at the Ranchito; that about midnight, when they left the Ranchito and started back to the city, his truck ceased to function; that they took some gasoline out of the gas tank and put it into the vacuum tank; that he started the truck but after crossing the railroad track, it began to jump; that he then began "choking" it and steered it to the side of the street with a view of stopping it and correcting the trouble; that in his effort to do so the truck struck a telephone pole with the result as above stated.

Mr. Porter, as well as other witnesses, testified that appellant was not drunk on the night in question but that the deceased was intoxicated.

Under the brief summary of the facts above set out, appellant presents several legal propositions upon which he seeks a reversal of the judgment of conviction. If either one of his positions is well founded, it will require a reversal of the judgment.

In discussing his contentions, we will endeavor to dispose of them in the order in which they are presented.

His first contention is that one who operates a motor vehicle upon a public highway while drunk and by mistake or accident kills another cannot, in view of Art. 44, P. C., be assessed a greater punishment than two years in the State penitentiary unless he has theretofore been convicted of driving a motor vehicle upon a public highway while drunk. He bases his contention upon Art. 802, P. C., as amended by Chapter 507, Acts of the Regular Session of the 47th Legislature, making the first offense of driving while intoxicated a misdemeanor.

Appellant was indicted and prosecuted under Art. 802c, P. C., which provides as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley or any other place within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, and while so driving and operating such automobile

or other motor vehicle shall through accident or mistake do another act which if voluntarily done would be a felony, shall receive the punishment affixed to the felony actually committed."

Appellant contends, however, that Art. 802c, supra, is void and inoperative in that the subject thereof is not embraced in the caption of House Bill No. 73 of the Acts of the 47th Legislature amending Art. 802, P. C., and for the further reason that the caption thereof embraces more than one subject which brings it within the inhibition of Art. 3, Section 35 of the State Constitution. We have examined the statute in question and reached the conclusion that it deals only with one subject, to-wit: driving a motor vehicle upon a public highway or on any street of an incorporated city. It is true that the Legislature subdivided the subject into three articles and prescribed certain penalties for acts committed in violation of each. The substance of Art. 802c, is clearly and definitely expressed in the caption of the Act. Hence we overrule appellant's contention.

Appellant's second contention is that the court erred in declining to submit to the jury his Special Requested Charge No. 2, which reads as follows:

"You are instructed that even though you believe and find from the evidence that the defendant was intoxicated while operating his automobile at the time of the alleged collision, he would not be guilty of murder if he was operating the same in the manner that it would be operated by one not under the influence of intoxicating liquor," and in failing to incorporate one of like import in his main charge. He asserts with much earnestness that he was entitled to this instruction because there is sufficient evidence upon which the jury might find that although appellant was intoxicated yet if he drove the truck off the road and struck a pole, not as a result of his drunken condition but because the truck was jumping by reason of a defective motor, he would not be guilty and they should acquit him. While the court in his main charge gave an instruction on the subject which in our opinion did not adequately present the appellant's theory, the requested charge above set out or one of like import should have been given.

Appellant's third contention is based upon the action of the court in declining to give his Requested Charge No. 3 which is in effect an instruction on contributory negligence. We have held, and so have the courts of a number of other

jurisdictions, that contributory negligence in cases of this nature is no defense. See Anderson v. State, 117 S. W. (2d) 465.

Appellant's fourth contention is that the court erred in permitting the State to prove over his objection that he had theretofore been charged with being drunk. He asserts that this was but a misdemeanor, not involving moral turpitude, and was not admissible for the purpose of affecting his credibility as a witness. We are in accord with appellant's contention. The trial court instructed the jury in his charge that they could only consider said evidence in passing upon appellant's cerdibility as a witness. Appellant in due time objected to said instruction. His contention in this respect is also well founded. The general rule is that convictions for misdemeanor offenses are not admissible in evidence as affecting the credibility of the witness unless the offense involves moral turpitude. Drunkenness is not an offense involving moral turpitude. See Branch's Ann. Tex. P. C., p. 102, Sec. 169, where many authorities are cited. See also Brittain v. State, 36 Tex. Cr. R. 406; Williford v. State, 36 Tex. Cr. R. 414.

The disposition which we have made of appellant's first contention also disposes of his fifth and sixth, which obviates the necessity of a discussion thereof.

Because of the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.