## B. W. Ross *v.* State.

No. 29,797. May 21, 1958.
Appellant's Motion for Rehearing Overruled
June 25, 1958.

*Harry Jarvis, Joe Fleming,* and *Ray Stevens* (of counsel on appeal) Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Jon N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder without malice under Art. 802c, V.A.P.C.; the punishment, two years in the penitentiary.

The sufficiency of the evidence to support the conviction is challenged.

The state's testimony shows that the deceased was killed in a collision on Highway 73 in Harris County between a motorcycle on which he was riding with a companion and an automobile. The collision occurred between ten and eleven o'clock P.M. and according to the state's testimony, after the collision, the motorcycle was under the right front wheel of the automobile and had been carried approximately 524 feet from the point of impact.

Officer T. W. Leonard testified that he went to the scene on the night in question to investigate the collision and took into custody a man whom he determined to be the driver of the auto-

mobile involved, who identified himself as B. W. Ross; that he took Ross from the scene to the Pasadena General Hospital where, with his consent, a blood sample was taken from him and later, after being duly warned, he took a written statement from him; and that while going to the hospital Ross talked with a thick tongue; had a smell of alcoholic beverage on his breath and that at such time he formed the opinion that he was intoxicated. Officer Leonard further testified that he could not identify the appellant as the B. W. Ross who was at the scene of the collision and from whom the blood specimen and written statement was taken.

The testimony further shows that the blood specimen taken from B. W. Ross, upon being examined by Chemist McDonald, was shown to contain .22% alcohol by weight from which results the chemist testified he determined that the person whose blood was examined had been intoxicated. A portion of the written statement of B. W. Ross given to Officer Leonard was introduced in evidence by the state in which Ross stated that on the night in question, after drinking two beers, he was driving a '52 Chevrolet automobile which struck a motorcycle on which two men were riding. Appellant introduced the remaining portion of the statement wherein Ross further stated that at the time of the collision there were no lights burning on the motorcycle and that when he first saw it, it was so close that he could not miss it.

Mrs. Johnny Mae Isaacs, upon being called as a witness by the state, testified that on the night in question she was employed as a nurse at the Pasadena Hospital and had occasion to take a blood specimen from a B. W. Ross who had been brought to the hospital by Officer Leonard. While testifying Mrs. Isaacs positively identified the appellant as the B. W. Ross from whom she took the blood specimen. The state's witness, Marvin Noye Coleman, testified that on the night in question he went to the scene of the collision and saw a man seated in a patrol car who he identified upon the trial as the appellant.

Appellant did not testify but recalled the witness Marvin Noye Coleman who testified that from his observation of the appellant after the collision, in his opinion, the appellant was not intoxicated. He further testified that before the collision he had observed the motorcycle on which the deceased was riding traveling on the highway without a tail light and with a flash light being used as a front light.

Appellant first insists that the court erred in admitting in evidence the written statement made to Officer Leonard because it was not shown that it was the appellant who gave the statement. While Officer Leonard could not identify the appellant as the person who gave him the statement he testified positively that the B. W. Ross who gave the statement and blood specimen was the same B. W. Ross whom he took custody at the scene of the collision. Appellant's identity as such person was sufficiently shown by the testimony of Mrs. Isaacs, the nurse at the hospital, and the witness Coleman who identified appellant as the person he saw at the scene in the patrol car.

We find the evidence sufficient to sustain the jury's verdict and overrule appellant's remaining contention that the state failed to prove that he was the driver of the automobile involved in the collision, or that he was intoxicated, or if he was intoxicated, that such condition caused the death of the deceased. The operation of the motorcycle without a tail light and its manner of operation could not be urged by appellant as a defense as contributory negligence is no defense in cases of this nature. Anderson v. State, 135 Texas Cr. Rep. 104, 117 S.W. 2d 465 and Ruedas v. State, 143 Texas Cr. Rep. 291, 158 S.W. 2d 500.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

The state introduced in evidence what it claimed was a written confession made by the appellant to T. W. Leonard.

Here is what the witness Leonard testified relative to appellant's identification as the maker and signer of the confession:

("Q. Captain Leonard, did you observe the B. W. Ross from whom that statement was taken sign that statement?) A. Yes sir.

("Q. Officer Leonard, can you swear that this is the man, that this is the B. W. Ross that you took into custody out there on Highway 73 that night of the accident?) A. No sir, I can't.

("Q. Can you swear this is the B. W. Ross that gave you a statement in the Sheriff's Department that night?) A. No sir, I couldn't identify the party.

("Q. Can you swear that this defendant here is the same B. W. Ross that you had a blood sample taken from out at Memorial Hospital out in Pasadena on the night of the accident?) A. No sir.

("Q. You don't know if this man is connected with that accident or not?) A. No sir. The only thing, the man told me his name was B. W. Ross. I have no other way of identifying him."

The witness testified that the confession was taken in the office of the sheriff several hours after the accident.

Among the objections registered to the admission in evidence of the confession was that there was no showing that appellant made the confession and that no sufficient predicate had been shown to authorize its admission.

The objection was overruled, and appellant duly excepted.

I am at a loss to understand how it can be said that the action of the trial court was not error.

One of the requisites prescribed by Art. 727 C.C.P., is that before a written confession is admissible the accused must first be warned by the person to whom the confession was made that he did not have to make a statement at all.

Here, the person to whom the statement was alleged to have been made did not testify that he warned the appellant, as required by law, and, upon being interrogated relative thereto, refused to say that he did give a warning to the appellant.

The confession, therefore, was not admissible, because the state had not complied with the statutory mandate that the person making the confession must be warned by the person to whom the confession is made. Pierson v. State, 145 Texas Cr. Rep. 388, 168 S.W. 2d 256. Nor did the state show that the appellant signed the confession. Beltran v. State, 144 Texas Cr. Rep. 338, 163 S.W. 2d 211.

I am of the opinion that the facts wholly fail to authorize this conviction, because (a) the only identification of appellant as the guilty party comes from an inadmissible confession, and (b), if admissible, there is no other evidence corroborating the confession as to appellant's identification. In addition thereto,

there is an absence of any testimony showing any causal connection between appellant's alleged intoxication and his running into the motorcycle. There is no evidence showing intoxication (if any) on the part of the appellant caused the collision. Moreover, in the dead of night the deceased was riding a motorcycle without a rear light on a cardinal highway, when he suddenly appeared in view of the appellant, who was the driver of the automobile and powerless, then, to prevent the collision.

The facts bring this case within that line of cases which hold that proof merely that one, while under the influence of intoxicating liquor and operating an automobile on a public highway, strikes and kills some other person does not render him guilty under the statute, Art. 802c, Vernon's P.C., Burton v. State, 122 Texas Cr. Rep. 363, 55 S.W. 2d 813; Moynahan v. State, 140 Texas Cr. Rep. 540, 146 S.W. 2d 377. The intoxication of the driver must be the cause of the death of the deceased. Johnson v. State, 153 Texas Cr. Rep. 59, 216 S.W. 2d 573; Long v. State, 152 Texas Cr. Rep. 356, 214 S.W. 2d 303.

There is not the least suggestion in this record that the intoxication of the appellant caused him to run into the motorcycle.

The cause of the collision was that deceased was riding on the highway at night on his motorcycle without any lights thereon by which his presence could have been known to the appellant or others traveling on the highway.

Notwithstanding, my brethren dismiss the question as to the sufficiency of the evidence with the statement that contributory negligence is no defense to a criminal accusation.

There is no question of contributory negligence here presented. The question is whether the deceased's own acts caused or brought about his death.

I expressed my views upon such a question in the recent case of Rowell v. State, 165 Texas Cr. Rep. 507, 308 S.W. 2d 504, to which case I here refer.

I realize that this, as are all similar cases, is indeed unfortunate, but this appellant is being sent to the penitentiary when the facts do not warrant his conviction or show that his acts caused the death of the deceased.

I dissent.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In a forceful brief and argument appellant's able attorney takes issue with the last sentence in our original opinion and asserts that his contention has always been that there was no evidence to show that his intoxication caused or contributed to cause the death of the deceased. While we find the evidence meager, we call attention to that portion of the court's charge in which he instructed the jury:

"You are further instructed that even though you believe and find from the evidence beyond a reasonable doubt that the defendant was intoxicated or was under the influence of intoxicating liquor while operating his automobile at the time and place of the accident in question, if he was, he would not be guilty as charged if he was operating his automobile in the same way and manner, under the circumstances, that it would be operated by a person not intoxicated and not under the influence of intoxicating liquor, and if you find from the evidence that at the time and place in question the defendant was operating his automobile in the same way and manner, under the circumstances, that it would be operated by a person not intoxicated and not under the influence of intoxicating liquor, you will find the defendant not guilty, or if you have a reasonable doubt thereof you will acquit him."

We have been cited no case, nor are we aware of any, which holds that the facts show an unavoidable accident as a matter of law in the face of a finding of guilt under a charge similar to the one set forth above.

Appellant's motion for rehearing is overruled.