**Delbert Leon KELLEY, Appellant,**

v.

**The CITY OF TULSA, a Municipal Corporation, Robert La Fortune, John Thomas, Carrol E. Griffith, Sid Patterson, William Morris and Jack Purdie, Appellees.**

**No. 49791.**

Supreme Court of Oklahoma.

Sept. 20, 1977.

---

**3.** See *Oklahoma News Co. v. Ryan*, 101 Okl. 151, 224 P. 969 (1924), for a discussion of the distinction between laws enacted by bills and laws enacted by joint resolutions.

Lloyd G. Larkin, Tulsa, for appellant.

Waldo F. Bales, City Atty. by John S. Morgan, Asst. City Atty., Tulsa, for appellees.

HODGES, Chief Justice.

This is an appeal from a final order of the district court of Tulsa County, affirming the decision of the Board of Commissioners of the City of Tulsa denying appellant's application for a private guard license based on the assertion that he had been convicted of a crime involving moral turpitude, and he lacked good moral character as defined by the Tulsa City Ordinance.[1]

This action was instituted by Delbert Leon Kelley, appellant, to obtain injunctive relief against the City of Tulsa, a municipal corporation, and its Board of Commission-

---

1. Tulsa, Okla.Rev.Ord., Title XXI, Ch. 16, § 244 (1969) provides:

 "No person shall be granted a license to engage in the detective, patrol or guard ser-

 vice unless such person; (a) has never been convicted of a felony or misdemeanor involving moral turpitude; (2) is of good moral character."

ers, Robert La Fortune, John Thomas, Carrol E. Griffith, Sid Patterson, William Morris and Jack Purdie, appellees, to prohibit and enjoin them from rejecting appellant's application for issuance of a private guard license.

Appellant applied to the Police Department of the City of Tulsa, for a private guard license. He was notified by the Chief of Police of the City of Tulsa that his application was denied because he had plead guilty to a charge of public drunkenness, and had been arrested for being absent without leave from the military service. Subsequently, appellant and his attorney appeared before the Board of Commissioners of the City of Tulsa (Board). The denial of the application for a private guard license was upheld by a vote of the appellee commissioners. Appellant filed a petition in the district court of Tulsa County seeking to enjoin the denial of the private guard license. The trial court held the Board had not acted in an arbitrary or capricious manner, and the injunction was denied.

It is asserted on appeal that a plea of guilty to a public drunkenness charge is not a misdemeanor involving moral turpitude, and that being absent without leave does not necessarily show lack of good moral character.

■ Moral turpitude broadly defined is any conduct contrary to justice, honesty, and good morals.[2] Moral turpitude implies something immoral in itself regardless of whether it is punishable by law. The doing of the act itself, and not its prohibition by statute determines the moral turpitude.[3] The elements of intent and knowledge are regarded as important, and if the wrong is unintentional or if the act is made improper by statute without regard to the mental element, it is not moral turpitude.[4]

■ A conviction of public drunkenness generally is not the kind of offense which signifies an inherent quality of baseness, vileness and depravity denoting moral turpitude.[5] We find in this case that an isolated conviction of public drunkenness does not contain the necessary elements to constitute conviction of a crime involving moral turpitude.

■ Evidently the Board found appellant lacked good moral character because he was arrested for being absent without leave from the military service. It is argued that this is not a predicate upon which the city may legally infer or presume lack of good moral character.

Appellant has received two discharges from the Army of the United States. On the 19th day of October 1972, appellant received an honorable discharge from the United States Army and immediately re-enlisted for another term. During his second term of service, appellant had some personal problems. His wife was in Tulsa expecting their first child; appellant left the base and was arrested in Tulsa for being absent without leave because he had wanted to be present when his first child was born. Appellant subsequently requested discharge for the good of the service. He received an administrative discharge pursuant to 32 C.F.R. § 41.1 et seq., on October 5, 1973, under other than honorable conditions. Discharges under this section cover a range of reasons for discharge, many of which in no way involve moral character. The record reflects no court martial proceedings

2. *In re Williams*, 64 Okl. 316, 167 P. 1149 (1917).

3. *Fort v. Brinkley*, 87 Ark. 400, 112 S.W. 1084 (1908); *Marshall v. State*, 207 Ala. 566, 93 So. 471 (1922).

4. *State of Oklahoma ex rel. Oklahoma Bar Association v. Jones*, 566 P.2d 130 (Okl.1977). The statute pertaining to public drunkenness, 37 O.S.1971 § 8, imposes a fine and classifies the crime as a misdemeanor requiring no wilful intent. The Tulsa, Okla.Rev.Ord., Title XXVII,

Ch. 6, §§ ]125, ]129 (1969) are similar. It is reasonable to presume that the legislative bodies of the state and the city intended that the elements of a non-wilful offense were all that was necessary for a conviction.

5. See *Diamond v. State*, 49 Ala.App. 68, 268 So.2d 850, 853 (1972); *Gibbs v. State*, 385 S.W.2d 258, 260 (Tex.Cr.App.1965); *Ruedas v. State*, 143 Tex.Cr.R. 291, 158 S.W.2d 500, 503 (1942); *Grammer v. State*, 239 Ala. 633, 196 So. 268 (1940).

were instituted against appellant; no conviction following appellant's arrest; nor that the discharge was issued as the result of an offense involving moral turpitude.

The refusal to grant appellant a private guard license was done, by the admission of the police chief, based on his guilty plea to a charge of public drunkenness, and for being absent without leave from the military service. No other evidence of lack of good moral character was considered. Ordinances imposing licenses are generally to be construed liberally in favor of the citizen and strictly against the municipality.[6] While we are aware that the duty of the Board in issuing licenses involves discretion, we find, under the circumstances, that the action of the Board in affirming the denial was arbitrary.

REVERSED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

6. *Young v. Town of Vienna*, 203 Va. 265, 123 S.E.2d 388, 93 A.L.R.2d 86 (1962).