1999 OK CIV APP 35

**Stephen P. HARJO, Plaintiff/Appellant,**

**v.**

**BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 7 OF SEMINOLE COUNTY, Oklahoma, Defendant/Appellee.**

**No. 91,910.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 12, 1999.

Stanley M. Ward, Maribob L. Lee, Norman, Oklahoma, For Plaintiff/Appellant,

Linda Maria Meoli, Timothy M. Melton, The Center for Education Law, Inc., Oklahoma City, Oklahoma, for Defendant/Appellee.

### *OPINION*

GARRETT, Judge:

¶1 Appellant, Stephen P. Harjo, was a probationary teacher employed by Appellee, Board of Education of Independent School District No. 7 of Seminole County, Oklahoma[1] (School). He was terminated by

---

1. 70 O.S.1991 § 6–101.3(6) provides:

 6. "Probationary teacher" means a teacher

who has completed fewer than three (3) con-

School. He sued School and alleged it breached its contract with him because it failed to admonish him or provide him an improvement plan and the opportunity to correct any perceived job deficiencies. School filed a motion for summary judgment. Harjo filed a motion for partial summary judgment. The court sustained School's motion and denied Harjo's. Harjo appeals.

¶2 Harjo contends the court should have held, as a matter of law, that his employment contract incorporated (1) School's policies, and (2) 70 O.S. Supp.1992 § 6–101.24(D)[2] (known as the Admonishment Statute). The policies and the statute, he contends, required School to admonish him and provide him with a plan of improvement and an opportunity to correct any perceived job deficiencies. He contends the court erred in holding that § 6–101.24(D) makes the provisions of § 6–101.24(A) inapplicable to this case. Harjo also contends the court erred in failing to sustain his motion for partial summary judgment on two of the three elements of his breach of contract claim, namely, (1) the existence of a valid employment contract and, (2) the breach of that contract by School.

¶3 School contends an admonishment was not required in this case because Harjo was a probationary teacher, and his dismissal was not related to inadequate teaching performance, but was based on misconduct. The misconduct was alleged to be: (1) an altercation with the step-parent of a student, (2) breaching a student's confidentiality, (3) telling male students he was doing homework for a female student, but wouldn't do so for them because their "tits weren't as big as hers", (4) obstructed an investigation by intimidating a former student, and (5) intimidated a faculty member. School contends it did not breach the contract, that neither its policies, nor the statute, require an admonishment or plan for improvement as a prerequisite to dismissal for misconduct.

¶4 The record reveals that School informed Harjo of his imminent dismissal by letter. The reasons given were those set out above and did not include any reference to teaching deficiencies. Harjo attached that letter as an exhibit to his petition wherein he alleged a breach of contract. School conducted a lengthy hearing, and at its conclusion voted to dismiss Harjo. The record does not reveal, and Harjo has not shown, that his dismissal was related to poor teaching performance. On the contrary, the uncontroverted evidentiary materials show that Harjo was dismissed because of misconduct.

secutive complete school years in such capacity in one school district under a written teaching contract;

2. 70 O.S. Supp.1992 § 6–101.24 provides:

A. When an administrator who has the responsibility of evaluating a teacher identifies poor performance or conduct that the administrator believes may lead to a recommendation for the teacher's dismissal or nonreemployment, the administrator shall:
1. Admonish the teacher, in writing, and make a reasonable effort to assist the teacher in correcting the poor performance or conduct; and
2. Establish a reasonable time for improvement, not to exceed two (2) months, taking into consideration the nature and gravity of the teacher's performance or conduct.
B. If the teacher does not correct the poor performance or conduct cited in the admonition within the time specified, the administrator shall make a recommendation to the superintendent of the school district for the dismissal or nonreemployment of the teacher.

C. Whenever a member of the board of education, superintendent, or other administrator identifies poor performance or conduct that may lead to a recommendation for dismissal or nonreemployment of a teacher within the district, the administrator who has responsibility for evaluation of the teacher shall be informed, and that administrator shall comply with the procedures set forth in this section. If the administrator fails or refuses to admonish the teacher within ten (10) days after being so informed by the board, superintendent, or other administrator, such board, superintendent or other administrator shall admonish the teacher pursuant to the provisions of this section.
D. Repeated negligence in performance of duty, willful neglect of duty, incompetency, instructional ineffectiveness or unsatisfactory teaching performance, for a career teacher, or any cause related to inadequate teaching performance for a probationary teacher, shall not be a basis for a recommendation to dismiss or not reemploy a teacher unless and until the provisions of this section have been complied with.

¶ 5 There is a specific statutory framework which sets forth procedures that must be followed in terminating a probationary teacher. Those procedures are contained in The Teachers Due Process Act of 1990. 70 O.S.1991 § 6–101.20 et seq., as amended. A career teacher may be terminated only on statutory grounds, but a probationary teacher may be dismissed or not reemployed for cause. 70 O.S.1991 § 6–101.22 (since amended). A career teacher is entitled to a hearing before the local board of education, and, if terminated, to a trial de novo in district court. The termination of a probationary teacher is final once he or she is afforded a hearing before the local school board. 70 O.S.1991 § 6–101.26. While probationary teachers must be afforded minimum due process safeguards, *Wood v. Independent School District No. 141 of Pottawatomie County,* 1983 OK 30, 661 P.2d 892, Harjo does not contend he was denied due process by being denied a hearing.

 ¶ 6 The Admonishment Statute, 70 O.S. Supp.1992 § 6–101.24, is contained in The Teachers Due Process Act of 1990. The purpose of the statute is to prevent an arbitrary and unreasonable evaluation and to provide assistance for teachers with remedial teaching problems. *Jackson v. Independent School District No. 16 of Payne County, Oklahoma,* 1982 OK 74, 648 P.2d 26. Again, this case does not involve teaching problems, it involves misconduct. To the extent § 6–101.24(D) is in conflict with § 6–101.24(A), we hold the specific portion of the statute controls over the general portion of the statute. That is, § 6–101.24(D) specifically speaks to the procedures to be used in the dismissal of a probationary teacher and controls over the more general § 6–101.24(A). While not directly on point, in *House v. Independent School District I–29 of Muskogee County,* 1997 OK 35, 939 P.2d 1127, the Court held that even though subsection (A) required admonishment of a career teacher who exhibited poor performance or conduct, subsection (D) did not require admonishment of a *career* teacher for a dismissal for "any reason involving moral turpitude". In effect, the *House* court held that sub-section (D) prevailed.

¶ 7 Summary judgment is proper where, as here, there is no dispute as to any material fact, and one party is entitled to judgment as a matter of law. *Cinco Enterprises, Inc. v. Benso,* 1994 OK 135, 890 P.2d 866.

¶ 8 AFFIRMED.

JOPLIN, J., and BUETTNER, P.J., concur.

