2002 OK CIV APP 52

**Geoffrey MORRISON, Plaintiff/Appellant,**

v.

**BOARD OF EDUCATION OF WEATHERFORD PUBLIC SCHOOLS, Appellee,**

and

**Grant Frankenberg, Defendant.**

**No. 96,871.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 18, 2002.

Certiorari Denied April 2, 2002.

Phil W. Gordon, Hays & Gordon, Chickasha, OK, for Plaintiff/Appellant.

Kenneth D. Upton, Jr., Noland, Upton & Wenzel, P.C., Oklahoma City, OK, for Defendant/Appellee Board of Education of Weatherford Public Schools.

KENNETH L. BUETTNER, Judge:

¶ 1 Geoffrey Morrison was a probationary teacher in the Weatherford, Oklahoma public school system. He was also a soccer coach for the school. After receiving notice of intent not to renew his contract, Morrison asked for, and was granted, a due process hearing before the Board. After the hearing, the Board of Education decided not to renew Morrison's contract. He sued the Board and the Superintendent for tortious breach of contract. He claimed that the Board's failure to follow the procedure as found in the Teacher Due Process Act of 1990 resulted in his re-employment by operation of law. The trial court granted summary judgment in favor of the Board. We reverse and remand.

¶ 2 The material facts in this case are undisputed. On April 10, 2000, Superintendent Frankenberg instructed Morrison's principal to hand deliver a letter to Morrison. The letter contained information that the Superintendent intended to recommend to the Board that Morrison's contract not be renewed. The letter informed Morrison of the reasons:

First, with premeditation and intent, you violated the rules of the Oklahoma Secondary Schools Activities Association. Additionally, you articulated your intent to cheat to parents and to student-athletes. When you explained your actions to me you said, "Everyone is doing it," and that you were "bending the rules as far as possible."

Second, when initially confronted by your building principal, Jim Ritz, regarding O.S.S.A. allegations of impropriety, you denied being involved with the soccer student-athletes in violation of the rules. Only after the third meeting with Mr. Ritz, and, after a fellow coach who was present at the time "jogged your memory," did you concede that the O.S.S.A. allegations were, in fact, true.

¶ 3 A probationary teacher may be dismissed or not re-employed for cause, subject to the provisions of the Teacher Due Process Act of 1990. 70 O.S. Supp.1998 § 6-101.22(B). Although probationary teachers are afforded pretermination hearings before the Board, if the Board decides to terminate the probationary teacher's contract, unlike a career teacher, the probationary teacher is not entitled to a *de novo* trial in the district court.

¶ 4 The gravamen[1] of this case concerns the interpretation of 70 O.S. Supp.1993 § 6–101(E) which states, in part:

> If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified the teacher in writing by registered or certified mail that a recommendation has been made not to reemploy the teacher for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that such teacher does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the teacher and on the school district.

The Board failed to comply with the above-cited part of the Teacher Due Process Act in three respects: (1) the letter of intent not to reemploy did not come from the Board; rather, it was the Superintendent's letter of recommendation not to reemploy, more properly addressed to the Board; (2) the letter was hand-delivered by the principal, rather than being sent by registered or certified mail; and (3) the letter was delivered on April 10 rather than prior to April 10.

¶ 5 We hold that because the statute requires the Board of Education to make the final employment decision and give notice to the teacher, the letter from the superintendent to the Board of Education recommending non-renewal of contract was insufficient to act as a termination letter. It was a proposal only and fell short of starting the statutory process for termination of a teacher's employment contract. It was no "mere technical violation." *House v. Independent School District I–29 of Muskogee County,* 1997 OK 35, ¶ 15, 939 P.2d 1127, 1131.

¶ 6 In addition, although we hold that a contract of employment was formed April 10, 2000 for the 2000–2001 school year, we make no comment concerning the merit of Morrison's motion for partial summary judgment, which was denied; nor whether Morrison's claim for tortious breach of contract is valid.

¶ 7 We REVERSE the grant of summary judgment in favor of Board and REMAND the matter to the trial court for further proceedings.

¶ 8 JOPLIN, V.C.J. and JONES, J., concur.

---

1. Although Morrison also sued Superintendent Frankenberg, it was undisputed that Frankenberg was acting in his official capacity. Morrison does not raise error in granting summary judgment as it relates to Frankenberg.