**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLADYS OFOSUHEMAA,

    Petitioner,

v.

JOHN D. ASHCROFT, Attorney
General of the United States,

    Respondent.

No. 02-9528
(No. A 92 012 231)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **HARTZ**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA). The BIA affirmed the decision of an immigration judge (IJ) holding that petitioner was removable from the United States based on her convictions of certain criminal offenses. Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is the agency's final determination. *See* 8 C.F.R. § 3.1(a)(7)(iii) (2002); *see also Panrit v. INS*, 19 F.3d 544, 545-46 (10th Cir. 1994).

The removal proceedings considered three charges against petitioner, a native and citizen of Ghana, who became a lawful permanent resident in 1990. The charges were for (1) conviction of an aggravated felony, 8 U.S.C. § 1101(a)(43) (which the IJ found did not support grounds for removal); (2) conviction of a crime of moral turpitude committed within five years of admission and for which a sentence of one year or longer may be imposed in violation of § 1227(a)(2)(A)(i)(I); and (3) conviction of two crimes involving moral turpitude in violation of § 1227(a)(2)(A)(ii). The two moral turpitude convictions in question were a 1992 misdemeanor offense of obtaining merchandise through false pretenses and a 1998 conviction for caretaker abuse or neglect in violation of Okla. Stat. tit. 21 § 843.1(A)(1) (1999) (subsequently amended). The parties are in agreement that under 8 U.S.C. § 1252(a)(2)(C) this court lacks jurisdiction to consider the removal orders if petitioner was convicted

of two or more crimes involving moral turpitude not arising from the same incident. The parties further do not dispute that the 1992 conviction was for an offense involving moral turpitude. Thus the issue is whether petitioner's 1998 conviction was for a crime involving moral turpitude.

We review de novo the IJ's legal conclusions and his factual findings for substantial evidence. *See Hadjimehdigholi v. INS*, 49 F.3d 642, 647 (10th Cir. 1995). We also review de novo questions concerning the jurisdictional bar of 8 U.S.C. § 1252 (a)(2)(C). *See Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001).

The IJ determined that the record was unclear as to whether petitioner's 1998 conviction was for caretaker abuse or caretaker neglect under Okla. Stat. tit. 21 § 843.1. He determined, however, that a conviction for either offense would constitute a crime involving moral turpitude.

Oklahoma courts have defined moral turpitude broadly as

> "any conduct contrary to justice, honesty and good morals. Moral turpitude implies something immoral in itself regardless of whether it is punishable by law. The doing of the act itself, and not its prohibition by statute, determines the moral turpitude."

*Andrews v. Indep. Sch. Dist. No. 57*, 12 P.3d 491, 495 (Okla. Civ. Ct. App. 2000) (quoting *Kelley v. City of Tulsa*, 569 P.2d 455, 457 (Okla. 1977)).

Similarly, we have defined moral turpitude as "'conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties

owed between man and man, either one's fellow man or society in general.'" *Wittgenstein v. INS*, 124 F.3d 1244, 1245 (10th Cir. 1997) (quoting *In re Flores*, 17 I&N Dec. 225, 227, 1980 WL 121870 (1980)). Oklahoma's caretaker abuse/neglect statute "clearly proscribes the infliction of abuse *or* neglect on vulnerable adults by their caretakers." *State v. Thomason*, 33 P.3d 930, 933 (Okla. Crim. App. 2001) (emphasis added). Thus even if the 1998 conviction was for the neglect of a vulnerable person within petitioner's care, her failure to protect her charge constitutes the breach of a moral duty owed the person being cared for.[1] As the IJ noted, "[t]he victim in this particular case is a retarded and blind 23-year old woman who [petitioner] had undertaken responsibility to provide for and protect," making her negligent abuse of that responsibility a turpitudinous offense. R. 53-54.

We conclude that the determination that petitioner's 1998 conviction involved a crime of moral turpitude was reasonable. Moreover, we must "respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 448 (1987); *see also Tapia Garcia*, 237 F.3d at 1220-21 (where

---

[1]     We further note that part of petitioner's sentence involved her referral to a "moral recognition therapy program." R. at 133.

statute arguably subject to different interpretations, we defer to BIA's interpretation as long as it is reasonable).

Accordingly, we lack jurisdiction, and the petition for review is DISMISSED. Respondent's motion to dismiss the petition is DENIED as moot.

Entered for the Court

Terrence L. O'Brien
Circuit Judge